**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number *(If known)*: _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding

**12/15**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Fossil (UK) Global Services Ltd |

| | |
|---|---|
| 2. | **Debtor's unique identifier** |

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☒ Other 16637372_____. Describe identifier Registration Number_____.

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

| | | |
|---|---|---|
| 3. | **Name of foreign representative(s)** | Randy Greben |

| | | |
|---|---|---|
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Restructuring Plan pursuant to Part 26A of the UK Companies Act 2006 (as amended) |

| | |
|---|---|
| 5. | **Nature of the foreign proceeding** |

*Check one:*

☒ Foreign main proceeding

☐ Foreign nonmain proceeding

☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

| | |
|---|---|
| 6. | **Evidence of the foreign proceeding** |

☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

A copy of the resolutions of the meeting of directors appointing the foreign representative and authorizing the commencement of the Chapter 15 proceeding is attached.

| | |
|---|---|
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** |

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

| Debtor | Fossil (UK) Global Services Ltd | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

England

**Debtor's registered office:**

Ashton House, 497 Silbury Boulevard
Number            Street

_____
P.O. Box

Milton Keynes                           MK9 2LD
City        State/Province/Region    ZIP/Postal Code

England
Country

**Individual debtor's habitual residence:**

_____
Number          Street

_____
P.O. Box

_____
City      State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

901 S. Central Expy
Number          Street

c/o Randy Greben
P.O. Box

Richardson, Texas, 75080
City      State/Province/Region    ZIP/Postal Code

United States of America
Country

---

**10.  Debtor's website** (URL)

https://www.fossil.com

---

**11.  Type of debtor**

*Check one*:

☒  Non-individual (check one):

☒  Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐  Partnership

☐  Other. Specify: _____

☐  Individual

---

| Debtor | Fossil (UK) Global Services Ltd | Case number (if known) _____ |
|--------|--------------------------------|------------------------------------------|
|        | Name                           |                                          |

**12. Why is venue proper in this district?**

*Check one:*

☒ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____    Randy Greben
Signature of foreign representative    Printed name

Executed on   10/20/2025
              MM / DD / YYYY

✗ _____    _____
Signature of foreign representative    Printed name

Executed on   _____
              MM / DD / YYYY

**14. Signature of attorney**

✗ */s/ Clifford W. Carlson*          Date   10/20/2025
Signature of Attorney for foreign representative          MM / DD / YYYY

Clifford William Carlson
Printed name

Weil, Gotshal & Manges LLP
Firm name

700 Louisiana Street, Suite 3700
Number        Street

| Houston | Texas | 77002 |
|---------|-------|-------|
| City    | State | ZIP Code |

| (713) 546- 5000 | clifford.carlson@weil.com |
|-----------------|---------------------------|
| Contact phone   | Email address             |

| 24090024   | Texas |
|------------|-------|
| Bar number | State |

**<u>Exhibit A</u>**

**Certified Copy of Decision
Commencing Foreign Proceeding**

Certified to be a true copy of
the original seen by me
RMeeton · 16 October 2025
ROSALIND MEEHAN
SOLICITOR

Dentons & Marges (London) LLP
110 Fetter Lane
London EC4A1A4
+44 207903 1146

Case No.: CR-2025-007011

*[court seal: HIGH COURT OF JUSTICE · THE BUSINESS & PROPERTY COURTS OF ENGLAND & WALES · 16 Oct 2025]*

CR-2025-007011

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS**

**OF ENGLAND AND WALES**

**INSOLVENCY AND COMPANIES LIST (ChD)**

**BEFORE: THE HONOURABLE MR JUSTICE CAWSON**

**15 October 2025**

**IN THE MATTER OF FOSSIL (UK) GLOBAL SERVICES LTD**

**AND IN THE MATTER OF THE COMPANIES ACT 2006**

**FOSSIL (UK) GLOBAL SERVICES LTD**

**Claimant**

---

### ORDER TO CONVENE MEETING

---

**UPON THE APPLICATION** of Fossil (UK) Global Services Ltd with company number 16637372, a company incorporated under the laws of the England and Wales, whose registered office is situated at Ashton House, 497 Silbury Boulevard, Milton Keynes, England, MK9 2LD (the "**Company**") by a Part 8 Claim Form dated 8 October 2025 (the "**Claim Form**").

**AND UPON** the Company proposing a restructuring plan pursuant to Part 26A of the Companies Act 2006 (the "**Restructuring Plan**") between the Company and the Plan Creditors (as defined in the Restructuring Plan).

**AND UPON READING** the Claim Form and the witness statements of: (i) Randy Jon Greben of the Company dated 9 October 2025 (the "**RJG Witness Statement**"); (ii) Joseph Arena of Epiq Corporate Restructuring, LLC in its capacity as Information Agent under the Restructuring Plan (the "**Information Agent**") dated 9 October 2025; (iii) Roopesh Shah of Evercore Group, LLC, an international investment bank and advisory firm engaged by the Company in relation to the Restructuring Plan dated 9 October 2025; (iv) Thomas Pernetti of Cantor Fitzgerald & Co. as "dealer manager" in relation to certain transactions launched

1

alongside the Restructuring Plan dated 8 October 2025; and (v) Randy Jon Greben of the Company dated 11 October 2025.

**AND UPON READING** the Retail Advocate's First Report dated 8 October 2025.

**AND UPON** the Company having resolved to appoint Randy Jon Greben to act as the Company's foreign representative (the "**Foreign Representative**") in respect of any proceedings under Chapter 15 of the U.S. Bankruptcy Code and any other recognition proceedings.

**AND UPON HEARING:** (i) Daniel Bayfield KC (leading Matthew Abraham) (the "**Counsel**") for the Company; and (ii) Daniel Jukes for Jon Yorke as Retail Advocate in respect of the Restructuring Plan.

**AND UPON** the Court noting and taking into account email communication from a retail Noteholder put before the Court by the Company and the Retail Advocate.

**AND UPON** the Court adopting in this Order, save where terms are otherwise expressly defined, the abbreviations, words, definitions and phrases contained in the explanatory statement given pursuant to section 901D of the Companies Act 2006 (the "**Explanatory Statement**") and the Restructuring Plan.

**IT IS ORDERED AND DIRECTED THAT:**

1    The Company has permission to convene a single meeting of the Plan Creditors (the "**Plan Meeting**") to be held at 2:00 p.m. on 6 November 2025 (or such later date and time as the Company may notify to the Plan Creditors) for the purpose of considering and, if thought fit, approving the Restructuring Plan.

2    The Plan Meeting be held in person at the offices of Weil, Gotshal & Manges LLP ("**Weil**"), 110 Fetter Lane, London, EC4A 1AY, United Kingdom (or, if such venue is not available, such other suitable venue in central London as the Company may select) and remotely via a video conference platform (which will operate in the manner described in the draft Notice of the Plan Meeting set out in Appendix 3 (*Form of Notice of Plan Meeting*) of the Explanatory Statement).

3    Copies of: (i) the Restructuring Plan; (ii) the Explanatory Statement; (iii) the Notice of Plan Meeting; and (iv) the Plan Creditor Letter (together, the "**Restructuring Plan Documents**"), be sent by email to the Information Agent by Weil as soon as is reasonably practicable with instructions to the Information Agent to:

    a.  upload the relevant Restructuring Plan Documents to the Information Agent's dedicated website at https://dm.epiq11.com/fossil (the "**Plan Website**");

    b.  make available the relevant Restructuring Plan Documents by email to bank and broker DTC participants for the purpose of forwarding to Plan Creditors;

    c.  distribute the Notice of Plan Meeting through DTC's Legal Notice System; and

    d.  arrange for the posting of hard copies of the Notice of Plan Meeting through bank and broker DTC participants to Plan Creditors.

4    Copies of the Restructuring Plan Documents be made available in filings with the U.S. Securities and Exchange Commission (the "**SEC**") accessible via EDGAR on the SEC website at www.sec.gov.

5    Further, the availability of the Restructuring Plan Documents on the Plan Website be brought to the attention of Plan Creditors, as soon as is reasonably practicable, through the publication of a press release on the website maintained by Fossil Group, Inc. (the Company's ultimate parent entity) at https://www.fossilgroup.com/, notifying the Plan Creditors of the urgent need to access the Plan Website to view the Restructuring Plan Documents.

6    Any supplemental information not included in the Restructuring Plan Documents which the Company wishes to provide to the Plan Creditors in advance of the Plan Meeting (or any adjourned Plan Meeting) shall be provided via the Plan Website.

7    The Restructuring Plan Documents shall be in the form, or substantially in the form, of the drafts submitted to the Court (subject to completion of blanks and minor modifications as advised by Weil and Counsel for the Company) as included in Exhibit RG1, referred to in the RJG Witness Statement.

8    Plan Creditors can obtain copies of the Restructuring Plan Documents, free of charge:

    a.  in electronic copy, via the Plan Website or by email to the Information Agent to registration@epiqglobal.com with "Fossil" referenced in the subject line;

    b.  in electronic copy, by visiting EDGAR on the SEC website at www.sec.gov; and

    c.  upon request to the Information Agent, in hard copy, by having them delivered to the Plan Creditor that requested them to an address provided by such Plan Creditor.

9    Unless the Court orders otherwise, the non-receipt of notice of the Plan Meeting or the Restructuring Plan Documents by any Plan Creditor shall not invalidate the proceedings at the Plan Meeting.

10    Gemma Sage or, failing her, another partner of Weil be appointed as chairperson of the Plan Meeting on behalf of the Company (the "**Chairperson**") and be directed to report the results of the Plan Meeting to the Court. The Chairperson will address the Plan Creditors at the Plan Meeting following which the Plan Creditors will cast their votes.

11    The Chairperson, with the assistance of the Information Agent, will confirm and certify the results of the Plan Meeting, and will, if necessary, value claims and inspect any completed Plan Creditor Letter.

12    The Chairperson shall be at liberty to:

    a.  adjourn the Plan Meeting to the same or another venue and/or platform provided that, if adjourned, the Plan Meeting shall recommence as soon as reasonably practicable thereafter;

    b.  accept a Plan Creditor Letter sent by email to the Information Agent, provided that it is legible to them;

    c.  rely on the signatures on the Plan Creditor Letter, including ones sent by email, as a warranty that the signatory has been duly authorised by the relevant Plan Creditor to sign the Plan Creditor Letter on behalf of the Plan Creditor;

    d.  accept otherwise incomplete or late Plan Creditor Letters at her or his discretion after the date fixed in the notice of Plan Meeting (but, for the avoidance of doubt, provided that any such Plan Creditor Letter is received before the close of the Plan Meeting); and

    e.  permit the attendance of persons who are not otherwise entitled to attend and vote at the Plan Meeting, unless an objection is taken by (or by a person appointed to

vote by proxy for) a Plan Creditor entitled to attend and vote at the Plan Meeting, provided that such a person shall not be entitled to speak at the Plan Meeting without the permission of the Chairperson.

13   In the event of a dispute over the amount for which a Plan Creditor should be admitted to vote, the amount shall be determined by the Chairperson with the assistance of the Information Agent.

14   A Plan Creditor may appoint no more than one person as their proxy, and if the appointee is not the Chairperson or the Information Agent, then the Plan Creditor may provide in the appointment that the appointee may vote in the appointee's absolute discretion.

15   The Chairperson shall file a report on the Plan Meeting and the voting at the Plan Meeting by 4.00 p.m. (London time) on the day falling two (2) clear Business Days after the date of the Plan Meeting (assuming the required statutory majorities are obtained at the Plan Meeting).

16   The Claim Form shall be adjourned generally with permission to the Company to restore it.

17   If the Restructuring Plan is approved at the Plan Meeting by the required statutory majorities, the Claim Form shall be restored and a further Court hearing at which the Company shall seek the sanction of the Court for the Restructuring Plan shall be listed for 10 November 2025.

18   The Company shall have permission to rely on the following expert evidence under CPR 35.4(1):

   a.  the Ankura Relevant Alternative Report prepared by Mark Smith of Ankura Consulting (Europe) Limited; and
   b.  the report of Judge James Peck as to matters of New York law.

19   The Chairperson and the Company be at liberty to apply for such further or amended directions as may be necessary or appropriate.

**AND IT IS DECLARED THAT:**

20   The Foreign Representative has been validly appointed by the directors of the Company to represent the Company and act as the Company's agent in seeking any relief available to a "foreign representative" in any proceedings commenced in the United States under Chapter 15 of the U.S. Bankruptcy Code.

21   The Foreign Representative has been authorised to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Company, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his business judgment may be necessary, proper, or advisable in connection with the Chapter 15 Recognition Proceedings, including, for the avoidance of doubt, commencement of the Chapter 15 Recognition Proceedings.

**DATED** this day 15 October 2025

**Service of the Order**

The Court has provided a sealed copy of this Order to the serving party: Andrew Wilkinson/Gemma Sage of Weil, Gotshal & Manges LLP, 110 Fetter Lane, London, EC4A 1AY (ref: Andrew Wilkinson/Gemma Sage/35953.0003).

**Exhibit B**

**Copy of Resolutions of**
**Meeting of the Debtor's Directors Appointing Foreign Representative And Authorizing**
**Commencement of Chapter 15 Proceeding**

## FOSSIL (UK) GLOBAL SERVICES LTD

### (the "Company")

### Registration Number: 16637372

### WRITTEN RESOLUTIONS OF THE DIRECTORS OF THE COMPANY
### (THE "DIRECTORS")

_____

Pursuant to the authority given by article 16.2 (*Unanimous Decisions*) of the Company's articles of association (the "**Articles**"), we, the undersigned, being all of the Directors entitled to receive notice of a meeting of the Directors and entitled to vote in relation to the resolutions of the Company set out below, hereby resolve that the following resolutions be passed by way of written resolutions, and agree that the said resolutions shall, for all purposes, be effective as if passed unanimously at a meeting of the Directors of the Company duly convened and held.

## 1        PURPOSE OF THE RESOLUTIONS

1.1      It is noted that the purpose of these resolutions is for the Directors to consider and, if thought fit, resolve to approve the next steps in connection with the Company's proposed restructuring plan pursuant to Part 26A of the Companies Act 2006 (as amended) (the "**Restructuring Plan**"), in particular to approve:

(a)      the Company's entry into each the Documents (as defined and set out below in Paragraph 4 (*Documents*)) and the transactions contemplated thereby;

(b)      commencement of recognition proceedings pursuant Chapter 15 of Title 11 of the United States Code (the "**Chapter 15 Recognition Proceedings**") in a court of proper jurisdiction, providing for recognition of the Restructuring Plan in the United States of America;

(c)      the appointment of Randy Greben as the foreign representative as such term is defined in section 101(24) of the U.S. Code (as defined therein, the "**Foreign Representative**") for the purposes of the Chapter 15 Recognition Proceedings and authorise the Foreign Representative to do all such acts and things and agree and execute on behalf of the Company all such other documents, instruments, certificates, notices and confirmations which, are necessary or desirable in order to facilitate the Chapter 15 Recognition Proceedings;

(d)      the authorisation of any Director of the Company to make any filings to the Court and submit any witness statement evidence to the Court as is required or desirable in connection with the Restructuring Plan;

(e)      the authorisation of Weil, Gotshal & Manges LLP to make any filings to the Court as is required or desirable in connection with the Restructuring Plan;

(f)      the authorisation of Weil, Gotshal & Manges LLP to take any and all actions necessary to assist the Foreign Representative and advance the Company's rights and obligations and to make any filings with the Bankruptcy Court as is required or desirable in connection with the Chapter 15 Recognition Proceedings, including filing pleadings and petitions for relief; and

(g)      authorise those persons specified below in Paragraph 6.3(l) to: (i) execute (where applicable) each final form Document and each other document relating to the Notes Restructuring (as described below) on behalf of the Company; (ii) sign or execute (including as a deed) and/or dispatch all documents and notices to be signed or executed

1

(including as a deed) and/or dispatched by the Company under or in connection with the matters set out in Paragraphs 1.11.1 - (f) above; and (iii) sign or execute (including as a deed) and/or dispatch any other document, notice or instruction as may be deemed necessary or appropriate to effect the implementation of the Notes Restructuring of the Group.

1.2     It is noted that drafts of each of the Documents described in Paragraph 4 (*Documents*) below in connection with the Restructuring Plan has been provided to, and reviewed by, each of the Directors.

2     **BACKGROUND**

2.1     It is noted that the Company is an indirect subsidiary of FGI (FGI, together with its subsidiaries, the "**Group**"), and the Group's capital structure is set out below:

   (a)     a US $150,000,000 senior secured asset based revolving credit facility (the "**ABL Facility**") dated 13 August 2025 entered into by, among others, FGI and certain other Group companies, ACF FINCO I LP, as administrative agent on behalf of the lenders, and the lenders from time to time party thereto, governed by New York law; and

   (b)     US $150,000,000 7.00% senior unsecured notes due 30 November 2026 issued by FGI (the "**Notes**", with holders of the notes being the "**Noteholders**") pursuant to an indenture dated 3 November 2021 and supplemented on 8 November 2021 (together, the "**Notes Indenture**"), which are registered with the United States Securities and Exchange Commission (the "**SEC**").

2.2     On 13 August 2025, in connection with the proposed restructuring of the Notes and the injection of new money into the Group (the "**Notes Restructuring**"), FGI, the Company, certain other Group companies, and certain supporting Noteholders holding together approximately 60% of the Notes (the "**Supporting Holders**") entered into a transaction support agreement in respect of the entry into certain transactions (including the Restructuring Plan) to effectuate the Notes Restructuring (the "**TSA**").

2.3     In accordance with the terms of the TSA and in an effort to effectuate the Notes Restructuring out-of-court, on 9 September 2025, FGI launched certain exchange transactions comprising of, among other things: (i) a private exchange with the Supporting Holders (the "**Private Exchange**"); and (ii) an SEC-registered exchange offering to all other Noteholders (the "**Exchange Offer**") (the Private Exchange and the Exchange Offer, together the "**Exchange Transactions**") pursuant to the registration statements on Form S-3 and Form S-4 (the "**Registration Statements**").

2.4     Pursuant to the TSA, if less than 90% of the aggregate principal amount of the Notes are tendered as part of the Exchange Offer (the "**Minimum Tender Condition**") (or if any other condition to completing the Exchange Offer without the Restructuring Plan is not satisfied or waived by 5:00 p.m. (New York City time)) by 7 October 2025 (the "**Exchange Offer Expiration Time**"), the Exchange Transactions be successful.

2.5     In accordance with the TSA, if the Exchange Transactions fail, the Company will propose the Restructuring Plan in order to implement the Notes Restructuring.

2.6     On 19 September 2025, the Company acceded as a guarantor under the terms of the Notes by entering into a supplemental indenture to the Notes. As a guarantor under the Notes, if FGI satisfies the Minimum Tender Condition, and the Company proceeds to issue the Notes Restructuring through the Exchange Transactions, the Company will be required to enter into an additional supplemental indenture (the "**Exchange Offer Supplemental Indenture**") to implement certain amendments to the Notes, including, among other things: (i) the removal of certain covenants and events of default under the Notes which may be removed with the consent of holders representing a majority of the aggregate principal amount of the Notes then outstanding and (ii) the subordination of the Notes, in right of payment, to the new notes to be issued pursuant to the Exchange

Transactions and the ABL Facility. The form of the Exchange Offer Supplemental Indenture was approved by the board of directors of FGI by written resolution dated 12 August 2025.

**3       RESTRUCTURING PLAN AND RECOGNTITION**

**Restructuring Plan**

3.1     On 23 September 2025, the Company issued a letter (the "**Practice Statement Letter**") prepared in accordance with the Chancery Division High Court Practice Statement issued on 15 April 2002, informing Noteholders of the proposed Restructuring Plan and the proposed court hearing for leave to convene a single meeting of the Company's creditors under the Restructuring Plan (the "**Plan Meeting**").

3.2     If the Minimum Tender Condition is not met by the Exchange Offer Expiration Time, the Company will apply to the Court at a hearing scheduled for 15 October 2025 (the "**Convening Hearing**") for permission to convene the Plan Meeting for the purpose of considering and, if thought fit, approving the Restructuring Plan.

3.3     It is noted that Part B (*Summary of the Notes Restructuring*), and in particular paragraph 24.5 (*Purpose*) of the Explanatory Statement (as defined below), which has been reviewed by the Directors, outlines the primary objectives of the Restructuring Plan and the benefits that the Restructuring Plan will confer on the Group (and, therefore, the Company) and their respective creditors. In particular, if successful, the Restructuring Plan will, among other things:

(a)     reduce refinancing risk as the maturity of the new notes to be issued pursuant to the terms of the TSA will be in 2029, rather than November 2026, providing an additional two (2) year runway to maturity and enabling a more stable and sustainable capital structure for the Group.

(b)     reduce the Group's risk of delisting from NASDAQ;

(c)     provide the Group with $32,500,000 of additional liquidity;

(d)     eliminate, reduce, prevent or mitigate the effect of any of the financial difficulties faced by the Group, including its ability to carry on as a going concern; and

(e)     avoid the Company and other Group companies having to file formal bankruptcy or insolvency proceedings which would materially impact recoveries for creditors under the Restructuring Plan (the "**Plan Creditors**").

3.4     It is noted that Part B (*Summary of the Notes Restructuring*), and in particular paragraph 34.1 (*Proposal of the Restructuring Plan* ) of the Explanatory Statement (as defined below), which has been reviewed by the Directors, outlines that the Restructuring Plan has ben proposed for the following reasons:

(a)     the benefit to the Company and to the rest of the Group of the implementation of the Notes Restructuring via the Restructuring Plan, which will in turn benefit the Plan Creditors, not least as they are expected to be no worse off with respect to their recoveries should the Restructuring Plan be sanctioned than they would be in the Distressed Sale Scenario (as defined below); and

(b)     the likely negative alternative outcomes for Plan Creditors if the Restructuring Plan is not approved and/or the Notes Restructuring is not completed.

**Consequences of a failure to implement the Notes Restructuring**

3.5    The future viability of the Group, and therefore the Company, is contingent upon the implementation of the Notes Restructuring via the Restructuring Plan. The Directors have therefore considered the likely consequences if the Notes Restructuring cannot be implemented via the Restructuring Plan in the event that: (i) the Restructuring Plan is not approved by the requisite majority of Plan Creditors; (ii) the Restructuring Plan is not sanctioned at the relevant Court sanction hearing; or (iii) if any of the other inter-conditional requirements or conditions to the Notes Restructuring are not satisfied (or, where possible, waived). In particular, each of the Directors has had regard to paragraph 33 (*Consequences if the Restructuring Plan is not successful*) of Part B (*Summary of the Notes Restructuring*) of the Explanatory Statement.

3.6    The Directors have considered each of the matters set out in paragraph 33 (*Consequences if the Restructuring Plan is not successful*) of Part B (*Summary of the Notes Restructuring*) of the Explanatory Statement and have concluded that the scenarios described therein represent the most likely outcomes if the Notes Restructuring cannot be implemented.

3.7    The Directors have considered the Relevant Alternative Report and have concluded that the returns to Plan Creditors under any potential asset sales conducted through the commencement of voluntary cases under Chapter 11 of Title 11 of the United States Code (defined in the Relevant Alternative Report as the "**Distressed Sale Scenario**") are significantly lower than the returns estimated upon the successful implementation of the Restructuring Plan and the Notes Restructuring.

**Chapter 15 Recognition**

3.8    It is noted that in order to implement the Notes Restructuring via the Restructuring Plan, the Restructuring Plan proposed by the Company must be recognised in the United States under Chapter 15 of Title 11 of the United States Code, as further described in paragraph 47 (*Jurisdiction and Recognition*) of Part D (*Certain Legal Aspects of the Restructuring Plan*) of the Explanatory Statement. The Chapter 15 Recognition Proceedings are required to, among other things, implement the Notes Restructuring and protect the Group and the Group's assets within the United States from actions and claims by creditors affected by the Restructuring Plan in the United States.

3.9    It is noted that the Company must appoint a foreign representative to commence, or cause the commencement of, the Chapter 15 Recognition Proceedings in the U.S. Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") on the Company's behalf, and to take certain other actions with respect to such proceedings, following the entry of an order by the Court granting leave to convene the Plan Meetings.

4    **DOCUMENTS**

**Weil Presentation**

4.1    Attached hereto at Schedule 9 (*Weil Restructuring Presentation*) is the presentation setting out the next steps in connection with the Company's proposed Restructuring Plan given to the strategic planning and finance committee of the board of directors of FGI on 6 October 2025 (the "**Weil Restructuring Presentation**").

4.2    The purpose of the Weil Restructuring Presentation is to outline the next steps in connection with the Company's proposed Restructuring Plan, the implications of the Restructuring Plan and all other documents which are to be approved by the Company as part of the Notes Restructuring. The Directors had each read, carefully considered and discussed the Weil Restructuring Presentation prior to signing below.

**Restructuring Plan Documents**

4.3    It is further noted that each of the Directors have received a copy of the final or near-final draft of the following documents:

(a)    the Exchange Offer Supplemental Indenture, in substantially the form included at Schedule 1 (*Exchange Offer Supplemental Indenture*);

(b)    a claim form prepared in accordance with Part 8 and Practice Direction 49A of the Civil Procedure Rules 1998 (the "**Claim Form**"), in substantially the form included at Schedule 2 (*Claim Form*);

(c)    the first witness statement of Randy Greben (the "**Witness Statement**"), substantially in the form included at Schedule 4 (*Witness Statement*);

(d)    an explanatory statement in relation to the Restructuring Plan required in accordance with section 901D of the Companies Act 2006 (as amended) (the "**Explanatory Statement**"), in substantially the form included at Schedule 5 (*Explanatory Statement*),

(e)    a plan document setting out the terms of the Restructuring Plan (the "**Plan Document**"), in substantially the form included at Schedule 6 (*Restructuring Plan*);

(f)    a plan creditor letter (the "**Plan Creditor Letter**"), in substantially the form included at Schedule 7 (*Plan Creditor Letter*);

(g)    a transaction implementation deed (the "**Transaction Implementation Deed**"), to be entered into following the Restructuring Plan becoming effective in accordance with its terms, which will govern the implementation of the Notes Restructuring and in substantially the form included at Schedule 8 (*Transaction Implementation Deed*);

(h)    a deed of release (the "**Deed of Release**"), in substantially the form included at Schedule 8 (*Deed of Release*);

(i)    a convening order (the "**Convening Order**") to be issued by the Court at the Convening Hearing for the Company to convene the Plan Meeting in substantially the form included at Schedule 9 (*Convening Order*); and

(j)    a notice of the Plan Meeting (the "**Notice of Plan Meeting**"), in substantially the form included at Schedule 10 (*Form of Notice of Plan Meeting*),

(being the "**Documents**").

4.4    In addition to the Documents, it is further noted that each of the Directors have received a copy of the final or near-final draft of the following documents:

(a)    a relevant alternative and plan benefits report prepared by Ankura Consulting (Europe) Limited, setting out the likely outcomes for Plan Creditors in the event that the Restructuring Plan is not successful (the "**Relevant Alternative and Plan Benefits Report**"), in substantially the form included at Appendix 7 (*Relevant Alternative Report*) of the Explanatory Statement;

(b)    a foreign law expert opinion obtained by the Company from Judge James Peck in connection with FGI's application seeking recognition of the Restructuring Plan under Chapter 15 of Title 11 of the United States Code, in substantially the form included at Schedule 12 (*Expert Opinion*);

(c)     a report prepared by Jon Yorke Consultancy Limited, to be submitted to the Court for the purposes of the Convening Hearing, in substantially the form set out at Schedule 13 (the "*Retail Advocate Report*"), which sets out the comments, objections and challenges received from individual Noteholders (in particular, retail Noteholders), specifically in relation to: (i) the composition of the class of Plan Creditors for the purposes of voting on the Restructuring Plan; and (ii) the fairness of the Restructuring Plan, to the extent that any initial feedback has been received.

## 5       CONSIDERATION

**5.1**   Prior to signing the below, the Directors considered:

(a)     the terms of the proposed Notes Restructuring to be implemented via the Restructuring Plan and the terms of the Documents including the terms of the obligations and restrictions imposed on the Company therein;

(b)     whether it was in the interests of and to the advantage of the Company, and would be most likely to promote the success of the Company for the benefit of its stakeholders (including its creditors) as a whole, for the Company to commence steps to implement the Notes Restructuring via the Restructuring Plan and to enter into and execute and deliver the Documents; and

(c)     the likely impact of the Restructuring Plan on the creditors of the Company, the Group and the Noteholders as compared to the position of these creditors if the Restructuring Plan was not implemented.

## 6       DECLARATION OF INTEREST AND DIRECTOR'S DUTIES

**6.1**   Each of the Directors, by signing below, declares that they have no interest in the matters under consideration which would prevent their voting or counting towards the quorum whether by law, the Articles or otherwise and each Director personally interested in the matters under consideration by virtue of his or her Directorship or shareholding (whether direct or indirect) or their employment or engagement for services with the Company has duly declared their interest in accordance with the Companies Act 2006 (as amended).

**6.2**   By signing below, each Director indicates that they have considered their duties pursuant to ss. 171-176 of the Companies Act 2006 (as amended) and, in particular, the duty to promote the success of the Company pursuant to section 172 of the Companies Act 2006 (as amended). In considering the duty to promote the success of the Company, each Director had, inter alia, particular regard to: (i) the likely consequences of any decision in the long term; (ii) the desirability of the Company maintaining a reputation for high standards of business conduct; and (iii) the need to act fairly as between members of the Company.

**6.3**   **IT IS UNANIMOUSLY RESOLVED THAT**:

(a)     it was the good faith judgment of the Directors that it would promote the success of the Company for the benefit of its creditors as a whole to enter into the Documents and any and all ancillary documents relating to the Notes Restructuring, including the Chapter 15 Recognition Proceedings, and to perform the obligations of the Company thereunder and consummate the transactions contemplated thereby, in each case, subject to the terms and conditions thereof;

(b)     the term and contents of, and the transactions contemplated by, each of the Documents be approved;

**(c)**     the use of and reference to the Relevant Alternative and Plan Benefits Report within the Explanatory Statement and any witness evidence required or desirable in connection with the Restructuring Plan be approved;

**(d)**     Randy Greben be and is hereby appointed as Foreign Representative for the purposes of the Chapter 15 Recognition Proceedings and is authorised to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Company, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his business judgment may be necessary, proper, or advisable in connection with the Chapter 15 Recognition Proceedings, including, for the avoidance of doubt, commencement of the Chapter 15 Recognition Proceedings;

**(e)**     the Company would not be in breach of the constitutional documents of the Company by approving each of the Documents or by implementing the terms of the Notes Restructuring, including commencement of the Chapter 15 Recognition Proceedings;

**(f)**     any Director of the Company be approved to authorise any amendments to the Documents and all ancillary documents necessary to implement the Notes Restructuring which they consider in their absolute discretion to be necessary or appropriate;

**(g)**     any Director of the Company be authorised to make any and all necessary filings to the Court and submit any witness statement evidence to the Court as is required or desirable in connection with the launch and sanction of the Restructuring Plan;

**(h)**     Weil, Gotshal & Manges LLP is authorised to make any necessary or desirable filings (including signing and/or filing the Claim Form) at Court with respect to the Restructuring Plan, if so instructed by any Director of the Company;

**(i)**     any other Director of the Company from time to time, without joinder of any other Director of the Company, be and is hereby authorised, empowered, and directed, in the name and on behalf of the Company, to enter into, swear or affirm, execute, deliver, certify, file and/or record, including with the Bankruptcy Court with respect to the Chapter 15 Recognition Proceedings, perform, approve and effectuate all necessary documents in connection with the Chapter 15 Recognition Proceedings, and any related pleadings, affidavits, motions, applications, declarations, and other documentation that shall be or become necessary, proper, or desirable in connection with the Chapter 15 Recognition Proceedings, and to take such actions as she deems appropriate in connection therewith;

**(j)**     Weil, Gotshal & Manges LLP is authorised to make any necessary or desirable filings and to take any and all actions necessary at the Bankruptcy Court with respect to the Notes Restructuring, to assist the Foreign Representative;

**(k)**     any Director of the Company be approved to authorise any amendments to the Documents which they consider in their absolute discretion to be necessary or appropriate; and

**(l)**     Randy Hyne, any Director of the Company or duly appointed attorney of the Company (an "**Attorney**"), or in the case of any document to be executed as a deed, Randy Hyne, any two Directors, any Director and the Company secretary, any Director duly witnessed or any Attorney duly witnessed were authorised to:

     **(i)**     execute all Documents above on behalf of the Company (in each case incorporating any amendments made pursuant to Paragraph 6.3(e) above on the Company's behalf);

     **(ii)**     execute on behalf of the Company any other document, notice or instruction or take any other steps which may be necessary, desirable or required in connection with Documents or the launch of the Restructuring Plan; and

**(iii)** do all such acts considered expedient in connection with the execution of, or performance by the Company of obligations under the Documents.

## 7    REASONABLE PROSPECTS

**7.1**    The Directors consider that the entering into, execution, delivery, ratification or performance of the Documents as part of the commencement of the Restructuring Plan will be done for bona fide commercial reasons, will lead to a direct or indirect corporate benefit for the Company, is in the corporate interest of the Company and the Group, and are at arm's length.

**7.2**    It is also noted that, on the basis of the progress made in the preceding weeks, in particular the signing of the TSA, the launch of the Exchange Transactions and the launch of the Restructuring Plan on 23 September 2025 by the Company issuing the Practice Statement Letter, the Group has a reasonable prospect of completing a successful debt restructuring and therefore the Company avoiding an insolvent liquidation or administration.

**7.3**    **IT IS RESOLVED** that it is in the best interests of the Company and its creditors to continue the Notes Restructuring, subject to the Court granting an order permitting the Company to convene the Plan Meeting, by disseminating the Explanatory Statement to the Plan Creditors and entering into the Documents.

## 8    GENERAL

**8.1**    **IT IS RESOLVED** that each of Randy Hyne, any Director or the Company secretary be and hereby is authorised to do all such acts and things and agree and execute on behalf of the Company all such other documents, instruments, certificates, notices and confirmations which, in the opinion of any Director or authorised Attorney, are necessary or desirable in order to facilitate the resolutions set out above, and generally to sign all such documents, certificates and notices, and give such representations, undertakings and assurances as may be required in connection with the same.

# SIGNATURE PAGE

DocuSigned by:

*Patrick Turner*

CA2AE642035C48B...

**Patrick Lamar Turner**


DocuSigned by:

*Sharon Dean*

1C484F1EEE4E4E0...

**Sharon Lynn Dean**


Signed by:

*Randy Greben*

8C830D6A4C5440A...

**Randy Jon Greben**


**Dated: 7 October 2025**

## Exhibit C

**Schedule of Parties**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 15** |
| | § | |
| **FOSSIL (UK) GLOBAL** | § | **Case No. 25-_____ (      )** |
| **SERVICES LTD,**[1] | § | |
| | § | |
| **Debtor in a Foreign Proceeding.** | § | |
| | § | |

## SCHEDULE OF PARTIES
## <u>PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(4)</u>

In accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and as attested to in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* filed contemporaneously herewith, Randy Greben, the duly-appointed foreign representative (the "**Foreign Representative**") of Fossil (UK) Global Services Ltd, the above-captioned debtor (the "**Foreign Debtor**"), provides the following schedule of the names and addresses of the relevant persons, bodies, and parties.

I.      <u>All persons or bodies authorized to administer foreign proceedings of the Foreign Debtor</u>:

As of October 20, 2025 (the "**Petition Date**"), the Foreign Representative is authorized to administer a "foreign proceeding" of the Foreign Debtor.

---

[1]     The last four digits of the Foreign Debtor's foreign identification number are: 7372. The location of the Foreign Debtor's service address for purposes of this chapter 15 case is: Ashton House, 497 Silbury Boulevard, Milton Keynes, United Kingdom, MK9 2LD. Additional information may be obtained on the website of the Foreign Debtor's information agent at http://dm.epiq11.com/fossiluk.

II.     <u>All parties to litigation pending in the United States in which the Foreign Debtor is a party at the time of filing of this petition</u>:

As of the Petition Date, the Foreign Representative is unaware of any litigation pending in the United States to which the Foreign Debtor is a party.

III.    <u>All of the entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code</u>:

As of the Petition Date, the Foreign Representative is not seeking provisional relief and reserves all rights to seek such relief in the future.

IV.     <u>Additional Foreign Proceedings</u>:

As of the Petition Date, the Foreign Debtor is not involved in any additional foreign proceedings.

Dated: October 20, 2025
      Houston, Texas

Respectfully submitted,

*/s/  Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
          Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (*pro hac vice* pending)
Sunny Singh (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
Philip L. DiDonato (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Gary.Holtzer@weil.com
          Sunny.Singh@weil.com
          Jessica.Liou@weil.com
          Philip.DiDonato@weil.com

*Attorneys to the Foreign Representative*

**Exhibit D**

**Corporate Ownership Statement**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | **Chapter 15** |
| | § | |
| **FOSSIL (UK) GLOBAL** | § | **Case No. 25-_____ (        )** |
| **SERVICES LTD,**[1] | § | |
| | § | |
| **Debtor in a Foreign Proceeding.** | § | |
| | § | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(4) AND 7007.1**

In accordance with Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Randy Greben, the duly-appointed foreign representative (the "**Foreign Representative**") of Fossil (UK) Global Services Ltd, the above-captioned debtor (the "**Foreign Debtor**"), submits the following corporate ownership statement of the Foreign Debtor, identifying any corporation that directly or indirectly owns 10% or more of any class of the Foreign Debtor's equity interests:

1.      Fossil (UK) Limited, a private limited company organized under the laws of the England and Wales (the "**Direct Parent**"), directly owns 100% of the Foreign Debtor's equity interests.

2.      In addition, the following entities indirectly own 10% or more of the Foreign Debtor's equity interests:

---

[1]     The last four digits of the Foreign Debtor's foreign identification number are: 7372. The location of the Foreign Debtor's service address for purposes of this chapter 15 case is: Ashton House, 497 Silbury Boulevard, Milton Keynes, United Kingdom, MK9 2LD. Additional information may be obtained on the website of the Foreign Debtor's information agent at http://dm.epiq11.com/fossiluk.

| Equity holder | Ownership percentage |
|---|---|
| Fossil (UK) Holdings Limited, a private limited company organized under the laws of England and Wales. | 100% of Direct Parent's equity interests. |
| Fossil Europe B.V., a private limited company organized under the laws of the Netherlands. | 100% of Fossil (UK) Holdings Limited's equity interests. |
| Fossil Global Holdings, Inc., a corporation organized under the laws of the state of Delaware. | 100% of Fossil Europe B.V.'s equity interests. |
| Fossil Group, Inc., a corporation organized under the laws of the state of Delaware. | 100% of Fossil Global Holdings, Inc.'s equity interests. |

Dated: October 20, 2025
     Houston, Texas

Respectfully submitted,
 */s/  Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (*pro hac vice* pending)
Sunny Singh (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
Philip L. DiDonato (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Gary.Holtzer@weil.com
      Sunny.Singh@weil.com
      Jessica.Liou@weil.com
      Philip.DiDonato@weil.com

*Attorneys to the Foreign Representative*

## Exhibit E

**Official Form 202**

Fill in this information to identify the case:

Debtor name:   Fossil (UK) Global Services Ltd

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (If known):   25-      (   )

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule ____

☐  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒  Other document that requires a declaration  Rule 1007(a)(4) Statement and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  October 20, 2025
MM /DD /YYYY

X  _____
Signature of individual signing on behalf of debtor

Randy Greben
Printed name

Foreign Representative
Position or relationship to debtor